UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANSAM YALDO, et al.,

       Plaintiffs,

v.

ALLSTATE PROPERTY AND CASUALTY
INS. CO.,

       Defendant.

_____/

Case No. 2:08-cv-14650

HONORABLE STEPHEN J. MURPHY, III


**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** (docket no. 11) **AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** (docket no. 13)


This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 to adjudicate the parties' rights and obligations under a homeowner's insurance policy issued by the defendant, Allstate Property and Casualty Insurance Company ("Allstate") to plaintiffs with respect to a fire that occurred at 30755 Helmandale Drive, Franklin, Michigan. Plaintiffs are Ansam Yaldo, the policyholder, and Wafa and Francis Yaldo, who are family members and insured persons under the policy. Jurisdiction is based upon diversity of citizenship. The Yaldos are seeking a declaration that Allstate is not entitled to conduct an Examination Under Oath ("EUO") of the Yaldos and an order of this Court appointing a neutral umpire for the parties' appraisal proceedings. Allstate seeks a declaration that it is entitled to conduct an EUO of the Yaldos, and that, by failing to submit to an EUO, the Yaldos are in breach of the insurance contract. The parties' cross-motions for summary judgment are before the Court today.

The plaintiffs' summary judgment motion will be denied and the defendant insurance company's summary judgment motion will be granted. The EUO provision in the policy is

a condition precedent to suit upon the policy and, because the Yaldos have not complied with it, they are barred from bringing suit on the policy until they do.  The Yaldos are not excused from complying with Allstate's request for an EUO because the EUO provision is neither explicitly barred by Michigan law, nor is it contrary to the statutory scheme of the insurance code or violative of due process.  The main case that Yaldo relies upon for the proposition that the EUO provision is unenforceable is a no-fault case, and is thereby distinguishable.

**FACTS**

Allstate issued policy number 9 06 536803 11/28 (the "policy") to plaintiff Ansam Yaldo, insuring her against loss and damage to her home at 30755 Helmandale Drive, Franklin Michigan.  The policy was in full force and effect on April 11, 2008 when a fire occurred at the Yaldo home that damaged the home and the plaintiffs' personal property.

On April 24, 2008, Allstate sent Yaldo a letter identifying the documents and information that it would consider satisfactory proof of loss.  The letter stated that the plaintiffs were required to give detailed information regarding the actual cash value of the damaged items and the amount of loss suffered, complete the Sworn Statement in Proof of Loss and Personal Property Inventory Loss forms and return them to the defendant on or before June 11, 2008.

On May 6, 2008, a fire contents restoration company furnished to Allstate an inventory of items damaged in the fire which the company felt could be cleaned and repaired.  On May 9, 2008, the plaintiffs delivered to Allstate proof of the amount of loss, including a contractor's estimate by Charles L. Pugh Company of the cost to repair the premises.  On June 4, 2008, the plaintiffs delivered a personal property inventory setting forth the replacement cost of the contents of the property.  The plaintiffs characterize these

submissions as proof of the amount of loss, triggering the insurer's responsibility to respond within thirty days.  Yaldo's sworn proof of loss, which is required under the policy, was not submitted until almost one month later.

On June 26, 2008, Ansam Yaldo demanded appraisal of the claim pursuant to the contract and M.C.L. §500.2833(1)(m), naming Gary A. Matkovich as her appraiser for the building portion of the claim and Patricia Striho as her appraiser for the contents portion of the claim.  On July 2, 2008, plaintiff Ansam Yaldo submitted to Allstate her Sworn Statement in Proof of Loss, dated June 26, 2008.

On July 10, 2008, Allstate rejected Yaldo's Sworn Statement in Proof of Loss as incomplete in a letter of the same date, "due to disagreements with the structure and contents estimates provided."  On the same date, Allstate named Michael Schwab as its appraiser.  According to Yaldo, by doing so Allstate acceded to Yaldo's demand for appraisal and the amount of plaintiffs' losses were to be conclusively determined by the appraisal panel.  The appraisers nominated by the parties commenced appraisal activities, exchanged information, inspected the loss site and discussed the selection of an umpire.  On July 14, Allstate made a payment in the amount of $213,978.09 toward the building portion of the loss and $32,73.71 toward the contents portion of the loss.  Complaint ¶ 26.

On October 3, 2008, counsel for Allstate sent a letter demanding that plaintiffs and all persons with an interest in the real or personal property involved in the claim submit to an Examination Under Oath at Allstate's attorney's office on October 15, 2008 and to produce certain documents.  Yaldo claims that Allstate instructed its appraiser to cease engaging in further appraisal proceedings, but it appears that Allstate merely states in the letter that until Yaldo submits to an EUO, Allstate "is unable to accept liability for the loss or to agree with the values submitted."  Plaintiffs' Exhibit 9.  Allstate acknowledges that it sent a copy

3

of its letter to its appraiser but states that it never instructed the appraiser to cease engaging in further appraisal activities. The Yaldos did not appear for the EUOs, and Allstate sent a letter dated October 15, 2008 stating that failure to appear for an EUO when requested is a breach of duties after loss and that an EUO, once requested, is a precondition to payment of any claim under the policy and a precondition to litigation under the policy and Michigan law. Complaint Exhibit 9.

The plaintiffs objected to the EUO through counsel by letter dated October 24, 2009 on the grounds that they believed that Allstate did not have the right to require an EUO at this stage in the proceedings when the Yaldos did not have similar rights to take testimony, demand documents and obtain discovery from Allstate. Plaintiffs' Exhibit 7. Allstate replied in a letter dated October 27, 2009 that it disagreed with plaintiffs' reading of the legal authorities supporting its position.

Plaintiffs commenced this declaratory judgment action on November 3, 2008. The action seeks (1) a declaration that it is not a breach of contract to seek a judicial declaration of the rights and obligations of a party to a homeowner's policy, (2) a declaration that Allstate may not thwart the appraisal process by unilaterally suspending appraisal pending its receipt of Examination Under Oath and production of documents, (3) a declaration that Allstate cannot conduct one-sided discovery during appraisal by demanding Examinations Under Oath and the production of documents from its insureds, who do not have reciprocal rights, and when the demands were otherwise not timely made within the statutory scheme for claim payment and resolution (4) an order compelling Allstate to proceed with appraisal, and (5) appointment of a neutral umpire. Allstate answered and asserted affirmative defenses of breach of contract and misrepresentation or fraud, among other affirmative defenses. In its breach of contract defense, Allstate asserts that Yaldo is prohibited from

seeking declaratory relief under the contract because her failure to appear for an EUO is a material breach of a condition precedent to recovery or litigation under the contract.

The Court issued an order on January 14, 2009, following a scheduling conference with the parties, which stayed discovery and set forth a briefing schedule for summary judgment motions.  The Court also entered a stipulated order on January 15, 2009 which provided that the appraisal process shall continue and permitted the defendant to amend its answer and affirmative defenses eliminating Allstate's claims that the plaintiffs have wilfully failed to comply with the policy conditions, breached the terms and conditions of the insurance policy and engaged in misrepresentation, concealment or fraud that would void the policy or result in the forfeiture of benefits.  The stipulation was without prejudice to the parties reasserting these claims later.  The order thereby limited the scope of this declaratory judgment action to the question of whether Allstate is entitled to Examinations under Oath in this matter and whether the appraisal procedures shall continue and determine the amount of loss.

## DISCUSSION

Both plaintiff and defendant have moved for summary judgment.  The Yaldos have moved for a declaration by this court that they are not obligated to submit to EUOs requested by Allstate.  Allstate has cross-moved for a declaration by this Court that the Yaldos are obliged under the policy to submit to EUOs, and that by failing to do so they are in breach of the insurance policy and thereby barred from bringing this declaratory judgment action.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists.  *Id.* at 1435.

I.   Plaintiffs' Summary Judgment Motion: Are Plaintiffs Entitled To a
     Declaration That They Are Not Required To Submit to an EUO?

The Yaldos argue that they are not required to submit to an EUO because, they assert, an insurer's demand for an EUO made more than thirty days after the insured has submitted proof of loss is unenforceable under the Michigan statutory scheme requiring prompt payment of claims, is contrary to law, and is violative of due process.  The Court finds that the plaintiffs' claims that the EUO provision is unenforceable is not supported by either Michigan or federal constitutional law, as discussed below, and will therefore deny their motion for summary judgment.

6

A.   Is Allstate's demand for an EUO Unenforceable Under Michigan Law?

Plaintiffs argue that, under the Michigan Insurance Code, an insurance company is obliged to pay claims within thirty days after receipt of proof of the amount of loss.  They argue that because of this requirement for prompt payment, the policy provision in the Allstate policy requiring the insured to submit to an EUO is unenforceable as contrary to the insurance code's requirement of prompt payment.

The Yaldos point out that there are three provisions in the Michigan Insurance Code requiring an insurer to pay losses promptly after receipt of "proof of the amount of loss." First, M.C.L. §500.2833(1)(p) provides that, "except as provided in Section 2845, [the policy must provide] that the loss is payable within thirty days after receipt of proof of the amount of loss."  Second, M.C.L. §500.2836(2) provides that except as provided in Section 2845, "losses under any fire insurance policy shall be paid within thirty days after receipt of proof of the amount of loss, notwithstanding the provision of any contract or statute to the contrary."  Third, M.C.L. §500.2006(3) provides that "An insurer shall specify in writing the materials that constitute a satisfactory proof of loss not later than thirty days after receipt of a claim unless the claim is settled within the thirty days."  Plaintiffs also point out that the policy provides that "when the policy provisions conflict with the statutes of the state in which the residence premises is located, the provisions are amended to conform to such statutes," and therefore the policy provisions must be read in conformity with these provisions.

The plaintiffs argue that *Griswold Properties, LLC v. Lexington Ins Co.*, 275 Mich. App. 543, *vacated in part on other grounds*, 276 Mich. App. 551 (2007) provides that an insurer's failure to comply with M.C.L. §500.2006(3) is acceptance of the proof of loss submitted and that the claim thereafter shall proceed as if a satisfactory proof of loss was submitted.

7

*Griswold* further held that a purported rejection of a policyholder's proof of loss on the basis of a disagreement as to the amounts claimed does not render the policyholder's claim submission unsatisfactory.

*Griswold* was a set of three consolidated appeals to the Michigan Court of Appeals, all dealing with the issue of whether a first-party insured is entitled to statutory penalty interest on an insurance claim when the insurer fails to pay the claim within the statutory period, irrespective of whether the amount of the claim was reasonably in dispute. Plaintiffs rely on the Court of Appeals' opinion on the second of the consolidated opinions, *Gainors Meat Packing, Inc. v. Home-Owners Ins. Co.* In *Gainors*, the building that housed plaintiff's meat packing business caught fire on July 18, 2002, allegedly destroying the property. Plaintiff submitted a sworn statement in proof of loss, claiming $795,938.24 in damage to the building, $684,094.76 for lost contents and $134,889.00 for business interruption for a total of $1,614,917, but the plaintiff requested only its policy limit of $1,051,370. The defendant admitted that certain claimed losses were covered by the policy and made a partial payment of $289,088.76, but refused to pay the remainder, asserting that the fire was isolated and did not destroy the property and therefore plaintiff was exaggerating its losses. The appraisal proceedings resulted in a unanimous agreement for the following award:  Building Replacement Cost, $556,307.83;  Building Actual Cash Value, $388.968.00; Personal Property Replacement Cost, $358,750.00; Personal Property Actual Cash Value, $287,000.00, plus additional other awards, which the defendant timely paid.

Plaintiff sought penalty interest pursuant to M.C.L. §500.2006(4). The trial court denied penalty interest on the grounds that plaintiff had failed to submit satisfactory proof of loss as required by M.C.L. §500.2006(4).  The appellate court reversed, holding that because the defendant had failed to provide the plaintiff with written notification of what

8

documents or other evidence it would accept as proof of loss, the defendant had failed to comply with M.C.L. §500.2006(3), which required an insurer to specify in writing the materials that constitute a satisfactory proof of loss within 30 days of receipt.  The court held that an insurer's failure to comply with M.C.L. §500.2006(3) means that the insurer accepts the proof of loss submitted.  *Griswold Properties*, 275 Mich. App. at 564 (citing *Angott*, 270 Mich. App. at 486).  The court, however, went on to hold that "satisfactory proof of loss does not equate to agreement as to the amount of damages."  *Griswold*, 275 Mich. App. at 566.  The court held that "satisfactory proof of loss does not require agreement of the parties as to the amount of damages, but is rather the process of the insured providing the documents and evidence required by the insurer to begin processing the claim," and on this basis rejected the defendant's argument that proof of loss is not satisfactory until the appraisal process is complete.  *Griswold*, 275 Mich. App. at 567.

State Farm argues that *Griswold* is not applicable here because in *Griswold* the insurance company was found to have violated M.C.L. §500.2006(3) because it entirely failed to respond to plaintiff's sworn statement in writing.  *Griswold*, 275 Mich. App. at 566. Here, the defendant did respond to plaintiff's sworn proof of loss and specifically rejected it for failing to set forth an actual cash value of the damaged property. Therefore, defendant argues, the proof of loss should not be deemed satisfactory.  Further, defendant argues, even if this Court did apply the *Griswold* holding, it only applies to the question of when the 12% penalty interest begins to accrue under M.C.L. §500.2006(4).

Allstate's second argument is persuasive.  The Griswold court did not hold that the plaintiff's  claimed amount was payable in the amount that the plaintiff's claimed due to the insurer's default.  Rather, the *Griswold* court held that the insurer was not protected from paying the 12% statutory penalty interest from the date the plaintiff submitted its sworn

proof of loss.  The *Griswold* court stated that "satisfactory proof of loss" as used in the statute means "the process of the insured providing the documents and evidence required by the insurer to begin processing the claim" and on that basis rejected the insurer's argument that proof of loss was not satisfactory until the appraisal process was complete. *Griswold*, 275 Mich. App. at 567.

Plaintiff asserts that *Cruz v. State Farm Mut. Ins. Co.*, 466 Mich. 588 (2002) holds that an insurance company's right to conduct an EUO is unenforceable when made more than thirty days after proof of loss had been furnished to the insurer of both the fact of the loss and the amount of the loss, because such a demand is in conflict with and subject to the Michigan statutory scheme requiring prompt payment of claims.  As discussed below, the Court finds *Cruz* distinguishable because it involved no-fault insurance rather than the homeowners insurance at issue in this case.

The plaintiff in *Cruz* was injured in an automobile accident while driving a car insured by State Farm.  The State Farm no-fault policy provided coverage for no-fault benefits as required by the no-fault act, as well as coverage for bodily injury caused by uninsured motorists and various other coverages.  After the accident, plaintiff submitted a claim for both no fault personal injury protection (PIP) benefits and for uninsured motorist bodily injury benefits.  *Cruz* provided State Farm with what State Farm acknowledged to be reasonable proof of the fact and of the amount of loss sustained pursuant to M.C.L. §500.3142(2) of the no fault act.  Because State Farm had a policy provision that conditioned payment of benefits on the submission by the insured to an EUO as often as reasonably asked, it declined to pay until the EUO was given, State Farm taking the position that it could condition payment on the EUO provision notwithstanding the requirements of the statute regarding prompt payment of benefits.  The plaintiff refused

10

repeated requests to submit to an EUO and State Farm denied both no-fault PIP benefits and uninsured motorist benefits.  Cruz then requested arbitration of his claim for uninsured motorist benefits under an arbitration provision in the uninsured motorist section of the policy, but State Farm refused to arbitrate on the basis that the plaintiff had materially breached the policy by refusing to submit to an EUO and therefore could not enforce his rights under the policy to arbitration.  Despite the defendant's refusal to participate in arbitration, the arbitrators proceeded and found that the plaintiff had not breached the policy by refusing to submit to an EUO, the other driver was at fault and uninsured, and that State Farm was liable for uninsured motorist damages in the amount of $150,000.

The plaintiff then filed suit to enforce the arbitrators' award and also sought in a second count of the complaint an award of no-fault PIP benefits.  State Farm moved for summary disposition on the grounds that Cruz's failure to submit to the EUO was a breach of a condition precedent to his right to obtain either arbitration of his uninsured motorist claim or payment of no-fault PIP benefits.  The trial court granted State Farm's motion with respect to the uninsured motorist claim and vacated the arbitration award.  The trial judge also ordered plaintiff to comply with the EUO provision regarding both the uninsured motorist benefits claim and the non-fault PIP claim.  The plaintiff refused and the trial court granted defendant's motion to dismiss.

On appeal, the Court of Appeals affirmed in part and reversed in part.  *Cruz*, 241 Mich. App. 159 (2000).  The Court of Appeals affirmed summary judgment on Cruz's claim for enforcement of the arbitral award, holding that Cruz's failure to submit to the EUO was a breach of a condition precedent to his right to obtain arbitration.  The Court of Appeals reversed the trial court's grant of summary judgment on Cruz's no-fault claim on the ground that the EUO provision was inconsistent with the no-fault act.  State Farm appealed the

Court of Appeal's holding that the no-fault act precluded the insurer's reliance on the EUO provision.  Cruz did not cross-appeal that portion of the Court of Appeals decision that found the EUO provision valid in the context of Cruz's uninsured motorist claim.

The Michigan Supreme Court affirmed the holding of the Court of Appeals, but on different reasoning.  The Supreme Court rejected the Court of Appeals' holding that EUOs were precluded in the automobile no-fault insurance context because they were not mentioned in the act.  Rather, the Supreme Court held that "EUOs, or other discovery methods that the parties have contracted to use, are only precluded when they clash with the rules the Legislature has established for such mandatory insurance policies." *Cruz*, 466 Mich. at 598.  Applying that rule to the facts of the case, the Court held that the insurance company and its insured could not contract to vitiate State Farm's duty to pay benefits in a timely fashion as required by statute; therefore, once State Farm received what it acknowledged to be "reasonable proof of the fact and of the amount of loss sustained," it had to pay benefits or be subject to penalties.  *Cruz*, 466 Mich. at 600.

*Cruz* does not support the plaintiffs' argument for several reasons.  First, the Supreme Court opinion in *Cruz* dealt with EUO's in the context of the no-fault act, rather than ordinary homeowner's insurance.  The no-fault act is a comprehensive act that specifically requires no-fault insurance on every motor vehicle operated in Michigan, provides for discovery and sets forth requirements for payment without regard to fault.  There is no comparable statutory scheme regulating home or fire insurance, which is not even required in Michigan.  Therefore, the Michigan Supreme Court's holding that an EUO provision is unenforceable if it conflicts with the statutory requirement for prompt payment in the no-fault act does not apply in the present case, which involves homeowner's insurance.  Second, the Court of Appeals in *Cruz* granted summary judgment to the insurer on Cruz's

12

claim for enforcement of the arbitrators' award in the uninsured motorist context on the grounds that the plaintiff was not entitled to invoke the arbitration clause because it had materially breached the contract by failing to submit to the EUO.  This holding of the *Cruz* Court of Appeals was not appealed to the Michigan Supreme Court and is binding on this Court.  Finally, as pointed out by defendants, the *Cruz* Supreme Court holding is limited by its terms to mandatory insurance policies.  See *Cruz*, 466 Mich. at 598 ("EUOs, or other discovery methods that the parties have contracted to use, are only precluded when they clash with the rules the Legislature has established for such *mandatory* insurance policies.") (emphasis added).  Property and fire insurance are not mandatory.

Plaintiff cites *Frans v. Harleysville Lakestates Ins. Co.*, 270 Mich. App. 201 (2006) for the proposition that an appraisal pursuant to MCL 500.2833(1)(m) is mandatory upon the request of either party to a property insurance contract, and no party may unilaterally withdraw from the process.  This appears to be correct.  The insurance code mandates that all fire insurance policies include a provision that if the insured and the insurer fail to agree on the actual cash value or amount of loss, then either party may make a written demand for appraisal.  M.C.L. §500.2833(1)(m).  It is also true that the appraisal process has been characterized as common law arbitration and the Michigan Supreme Court has recently reaffirmed that an agreement for common law arbitration may be unilaterally revoked by either party.  *Wold Architects and Engineers v. Strat*, 474 Mich. 223, 238 (2006).   While the *Wold* decision was issued after the *Frans* decision, *Frans* was not dependent upon arbitration rules but rather on the statutory basis for appraisal in the insurance code.  The *Frans* decision, that parties cannot unilaterally withdraw from appraisal, also makes sense given the Michigan statutory requirement that such appraisal provisions be included in all

13

fire insurance policies, because requiring parties to submit to appraisal would be hollow if either party were able to unilaterally withdraw from appraisal.

Defendant's argument in opposition is that, first, as a factual matter it has not withdrawn from appraisal; rather, it has simply demanded its rights under the contract to examine the plaintiffs under oath.  Second, it argues that by refusing to comply with the EUO provision the plaintiff has breached the contract and may not enforce its appraisal rights under the contract.  Again, this argument appears to be correct.  While the insurance code requires the appraisal provision to be included in fire insurance contracts, plaintiff's rights under the appraisal provision arise from her contract with the defendant, not from the statute.  The contract of insurance provides that submission to an EUO upon the insurer's reasonable request is a condition to payment of a claim and to the commencement of litigation.  The Michigan Supreme Court has stated that EUO provisions are viewed favorably by the courts due to the potential ability of EUOs to discover and eliminate fraudulent claims.  *Cruz*, 466 Mich. at 597.   The Michigan court has also stated that EUO provisions are presumed to be valid and enforceable.  *Id.*

B.  <u>Does the EUO provision violate Yaldo's right to due process?</u>

The Yaldos argue that permitting Allstate to conduct an EUO would violate the due process guarantees of the Fourteenth Amendment to the United States Constitution.  The Yaldos argue that appraisal has frequently been described as a quasi-judicial proceeding. They argue that "since appraisal is a statutorily mandated substitute for a civil jury trial as to damages, and thus qualifies as state action subject to the 14th Amendment, the U.S. Supreme Court has recognized that property insurance policy appraisal proceedings are subject to procedural due process guarantees."  Plaintiffs' Summary Judgment Brief at 18.

Plaintiffs argue that the appraisal panel has the authority to take testimony and require

14

the production of documents of both parties to an appraisal proceeding and pursuant to M.C.L. §500.2833(1) the appraisal panel determines the amount of loss. Allstate responds that Yaldo has not provided any authority to support these assertions. The Michigan Insurance Code does not have any provisions authorizing the appraisers to take testimony under oath and require the production of documents and Yaldo has not cited any cases showing that appraisers have such authority. Allstate appears to be correct on this point, since a review of the Insurance Code does not reveal any statutes authorizing appraisers to take testimony under oath or require the production of documents. The Yaldos reply that although Michigan law does not dictate the precise procedures to be followed by an appraisal panel, "courts have been quite flexible in permitting the appraisal panel to determine how the evidence should best be exchanged under the circumstances of each claim." Plaintiff's reply at 5. In support of this proposition, plaintiffs cite cases from Indiana and Massachusetts, which, aside from not being in this jurisdiction, actually undermine the point for which plaintiff is citing them. In the Indiana case, *Atlas Construction Co. v. Indiana Insurance Co.*, 160 Ind. App. 33, 309 N.E.2d 810 (1974), the Indiana Court of Appeals distinguished appraisal from arbitration and held that the procedural protections of the Uniform Arbitration Act are not binding on appraisers because the appraisal process lacks the judicial qualities of an arbitration. *Id.* at 37. The Massachusetts case, *Doherty v. Phoenix Ins. Co.*, 224 Mass. 310, 112 N.E. 940 (1916) merely stands for the proposition that an award by a panel of referees cannot be overturned absent a finding of fraud, bias or prejudice on the part of the referees.

Plaintiffs argue that due process requires that a state-mandated quasi-judicial loss determination via appraisal must provide for equal access to information relevant to the proceeding and any statutory interpretation which would procedurally favor one party over

another is constitutionally prohibited. In support of this proposition, plaintiffs cite *Hardware Dealers Mut. Fire Ins. Co. v. Glidden Co.*, 284 U.S. 151 (1931).

*Hardware Dealers* does not support plaintiffs' assertions. In *Hardware Dealers*, the Supreme Court upheld a Minnesota statute that required fire insurance policies to include a policy provision, nearly identical to the one at issue here, permitting either party to the insurance contract to invoke the appraisal process. In upholding the Minnesota statute, the Supreme Court rejected the insurance company's contention that the mandatory appraisal procedure violated due process. The Court held that the Fourteenth Amendment is not offended by state-mandated alternate dispute procedures, limited to the single issue of the amount of loss, provided they are not unreasonable or arbitrary and satisfy the constitutional requirements of reasonable notice and opportunity to be heard.

While the case does support the proposition that the Fourteenth Amendment applies to a state-mandated alternative dispute procedure, the case provides no support for the Yaldos' assertion that due process is violated by permitting the parties unequal access to information within or outside the appraisal process, and has never been cited for that proposition by any other court. The Yaldos have provided no other authority for the proposition that the policy provision permitting Allstate to examine its insureds under oath violates the Fourteenth Amendment. The Court therefore rejects the Yaldos' assertion that the EUO provision, freely agreed to by the policyholder, violates the Fourteenth Amendment.

Finally, the plaintiffs assert that this Court has the authority to select an umpire for the appraisal panel pursuant to M.C.L. §500.2833(1)(m). The defendants do not dispute that the Court has the authority to appoint an umpire under the appropriate circumstances, but argue that the Yaldos are barred from requesting this relief at this time in this litigation

16

because they are in breach of contract and therefore are barred from bringing this declaratory judgment action.

The Yaldos have failed to show that the EUO provision, which they agreed to in their contract of insurance, is unenforceable under either Michigan law or the United States Constitution and therefore the Court denies their motion for summary judgment.

II.    Allstate's Cross-Motion for Summary Judgment

Allstate has cross-moved for summary judgment in its favor.  In its cross-motion, Allstate argues that the Yaldos' failure to submit to an EUO is a material breach of the insurance contract, and, under the policy terms, the Yaldos may not institute a suit on the policy while they are in breach of the policy.  Allstate therefore seeks a judgment of this Court dismissing the Yaldos' suit.

The Allstate policy at issue provides that no action may be brought against the insured unless there has been full compliance with all policy terms.  Policy, Exhibit 1 to Plaintiff's Motion for Summary Judgment at 6 ("Policy").  Section I of the policy identifies conditions precedent to recovery under the policy.  In the event of a loss to any covered property, it requires the insured to, as often as the insurer reasonably requests, provide the insurer all documents the insurer reasonably requests, show the insured the damaged property, submit to EUOs and produce members of the insured's household for EUOs to the extent the insured can do so, and, within 60 days after the loss, give the insurer a signed, sworn proof of loss that includes the actual case value and amount of loss for each damaged or destroyed item.  Policy at 16-17.  The policy further provides that the insurer has "no duty to provide coverage under this section if **you**, an **insured person**, or a representative of either fail to comply [with this subsection] and this failure to comply is prejudicial to **us**." Policy at 17 (emphasis in original).  The policy further provides that payment for such

17

losses will be either the costs of repair or replacement or, if the insured does not repair or replace the property, the actual cash value of the property, including a deduction for depreciation. *Id.* Finally, the policy provides that

> No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which Section I Conditions applies unless:
> a)  There has been full compliance with all policy terms; and
> b)  the action is commenced within one year after the inception of loss or damage.

Policy, § 12 at p. 20.

Allstate cites *Yeo v. State Farm Ins. Co.*, 219 Mich. App. 254 (1996) for the proposition that an EUO provision in a homeowner's policy is a valid and enforceable condition precedent to recovery under the policy. In *Yeo*, the insured claimed her home was burglarized and her property stolen and sought to collect under her homeowners policy. The insurance company, State Farm, requested an EUO of the plaintiff. The plaintiff, Yeo, failed to appear for the EUO and then filed suit. The trial court granted State Farm's motion for summary judgment on the grounds that, by failing to comply with the insurer's request for an EUO, Yeo had filed to satisfy a condition precedent to suit on the policy. The trial court dismissed the case without prejudice; State Farm appealed, arguing that the dismissal should be with prejudice. Court of Appeals affirmed the trial court, finding that the insured's compliance with the insurer's request for an EUO was a condition precedent to recovery on the policy and to suit upon the policy, but held that a dismissal without prejudice was appropriate on the facts of that case because there was no showing that the insured's failure to submit to the EUO was willful.

*Thomson v. State Farm Ins. Co.*, 232 Mich. App. 38 (1998) held that the burden is on the insured that fails to submit to an EUO or otherwise cooperate with the insurer in regard to contractual provisions allowing an insurer to investigate a claim to show that it had not

18

wilfully withheld material information that would justify a dismissal of its claim under the policy with prejudice.

Allstate also cites *Allen v. Michigan Basic*, 249 Mich. App. 66 (2001), in which the Court of Appeals held that the insured willfully failed to cooperate with the insurance company when the insured refused to submit to and Examination Under Oath on the basis of her Fifth Amendment right against self-incrimination.   In *Allen*, the plaintiff sought recovery under her homeowner's policy after a fire occurred at her home.   She did not produce any documents and failed on three separate occasions to appear for EUOs scheduled by her insurer on the grounds that her attorney advised her not to answer defendant's questions until after any criminal investigation into her involvement in the fire was complete.   *Allen*, 249 Mich. App. at 67-68.   Allen was charged with arson in connection with the fire but ultimately found not guilty.   The insurer denied coverage and Allen thereafter filed suit.   The trial court denied the insurance company's motion for summary disposition and the defendant appealed.   The Court of Appeals held that the trial court had erred in refusing to dismiss  the case because Allen's refusal to submit to an EUO was a wilful breach of the insurance contract and precluded her subsequent suit on the policy.  *Allen*, 249 Mich. App. at 73-74.   The court stated that the plaintiff's claim was based upon her contract to which she and the defendant had agreed, and that the contract placed upon her the specific duty after a loss to appear for an EUO at the defendant's request.   The court stated that "[w]hile plaintiff had the right to assert her Fifth Amendment privilege in response to defendant's requests, she did so at the peril of her claim under the policy."  *Allen*, 249 Mich. App. at 75 (citing *Phillips v. Deihm*, 213 Mich. App. 389, 399-400 (1995)). The court held that plaintiff's failure to comply with defendant's EUO demand, coupled with her failure to produce documents, constituted a deliberate effort to withhold material

evidence and a pattern of non-cooperation sufficient to require dismissal of her claim with prejudice. *Id.*

Finally, Allstate cites *Auto-Owners Ins. Co. v. Kwaiser*, 190 Mich. App. 482 (1991) for the proposition that appraisal proceedings are only to be utilized where there exists no issue as to coverage. In *Auto-Owners*, the insured sought coverage for damages causes when the roof of the living room of their mobile home collapsed in a heavy rain. The insurer's engineer discovered that the roof was rotted due to long-term trapped moisture and that any repair involved replacement of the entire roof. The parties could not agree on a settlement amount and the insurance company requested appraisal, after which the insurance company filed a declaratory judgment action asking the court to resubmit the matter for appraisal after a clarification of the insurer's liability. The appellate court held that matters of coverage are for the court, not the appraisers, and that therefore the trial court erred in granting summary disposition to the policyholder without first determining the extent of coverage under the policy.

Allstate argues that *Auto-Owners* is applicable here because there is a coverage issue, as opposed to simply a valuation issue, because the policy provides that it does not cover any loss in which any insured persons have concealed or misrepresented any material fact or circumstance, and therefore if the Yaldos were exaggerating their losses or claiming for losses that did not in fact occur such losses would not be covered under the policy.

Allstate's arguments are well taken, and conclusively dispose of this matter. As discussed above, the Yaldos are incorrect that Allstate may not seek an EUO at this stage of the proceedings. Further, the cases cited by Allstate establish that the failure of an insured to submit to at least one EUO is a material breach of a condition precedent to

20

recovery on the policy or suing on the policy.  The parties have stipulated that this conduct by the Yaldos does not constitute a willful breach of the policy, and therefore under relevant Michigan law the correct approach is for the Court to dismiss the Yaldos' suit without prejudice and permit them to comply with the policy provisions.  Therefore, the Court will grant Allstate's cross-motion for summary judgment and dismiss the Yaldos' claim without prejudice for failing to submit to an EUO.

## CONCLUSION

For the reasons stated above, the Court **DENIES** plaintiffs' motion for summary judgment and **GRANTS** defendant's cross-motion for summary judgment.  The case will be dismissed without prejudice.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 13, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2009, by electronic and/or ordinary mail.

Alissa Greer
Case Manager